IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WILLIAM B. ALLISON, ) | |
| ) | |
|     Movant, ) | Case No. 7:15mc00017 |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES DEPARTMENT ) | |
| OF JUSTICE PRIVACY ACT OF 1978, ) | |
| ) | |
|     Respondent. ) | |

| | |
|---|---|
| ROBIN G. ALLISON, ) | |
| ) | |
|     Movant, ) | Case No. 7:15mc00018 |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES DEPARTMENT ) | |
| OF JUSTICE PRIVACY ACT OF 1978, ) | |
| ) | |
|     Respondent. ) | |

## MEMORANDUM OPINION

These miscellaneous cases are before the court on motions to quash filed by movants William B. Allison and Robin G. Allison. The Allisons seek an Order pursuant to 12 U.S.C. § 3410 of the Right to Financial Privacy Act of 1978 (RFPA), preventing the government from obtaining access to their financial records. Having carefully considered the motions, sworn statements and relevant law, the court will **DENY** the motions to quash for the reasons set forth below.

I.

In connection with an ongoing healthcare fraud investigation, the government issued three administrative subpoenas duces tecum pursuant to 18 U.S.C. § 3486 on April 22, 2015. These

subpoenas were issued to Branch Banking & Trust Company of Virginia (BB&T), SunTrust Bank, and Wells Fargo Bank, N.A. and seek financial records pertaining to the Allisons. In accordance with the RFPA, the government provided the Allisons with copies of the subpoenas, required notices and documents enabling the Allisons to challenge the subpoenas in federal court. 12 U.S.C. § 3405(2). The government explained the purpose of the subpoenas as follows:

> It is believed that the financial institution named in the subpoena has information concerning your financial transactions with, or for, the defendant, and/or business entities owned or controlled by the defendant, which are needed to accurately investigate allegations of State and/or Federal health care fraud violations.

Case No. 7:15mc17, ECF No. 1, at 15-17; Case No. 7:15mc18, ECF No. 1, at 15-17.

In accordance with § 3410(a), both the Allisons filed a timely motion to quash the respective subpoenas. The Allisons assert they are the customers whose records are being requested and provide the following sworn statement as to why they believe the financial records sought should not be disclosed:

> Any of my personal financial records with [BB&T / SunTrust / Wells Fargo] produced by this subpoena will not lead to discoverable evidence in the ongoing investigation of alleged health care offenses, and constitute a violation of privacy.

See Case No. 7:15mc17, ECF No. 1, at 3, 6, 9; Case No. 7:15mc18, ECF No. 1, at 3, 6, 9.

After receiving an extension from the court, the government filed a response to the Allisons' motions to quash along with a sworn statement from a Special Agent with the United States Office of Inspector General, Department of Health and Human Services, which was filed under seal by Order entered June 29, 2015.[1] See 12 U.S.C. § 3410(b) (providing that the government's sworn response may be filed in camera). In its response, the government argues the records sought are

---

[1] At the court's request, the government filed complete copies of the subpoenas at issue, and those subpoenas were also placed under seal.

relevant to a legitimate law enforcement inquiry and further the purpose of the government's investigation of fraudulent claims for reimbursement to Virginia Medicaid. The court agrees.

## II.

"The purpose behind the RFPA is 'to protect the customers of financial institutions from unwarranted intrusion into their records while at the same time permitting legitimate law enforcement activity.'" United States on Behalf of Agency for Int'l Dev. v. First Nat'l Bank of Md., 866 F. Supp. 884, 886 (D. Md. 1994) (citing H.R. Rep. No. 1383, 95th Cong., 2d Sess. 33 (1978), U.S. Code Cong. & Admin. News 1978, pp. 9273, 9305). As such, the RFPA permits customers of financial institutions to challenge government-issued subpoenas. 12 U.S.C. § 3410(a). A challenge pursuant to § 3410 constitutes "the sole judicial remedy available to a customer to oppose disclosure of financial records pursuant to" the RFPA. Id. at § 3410(e).

There are only three reasons a district court may grant a motion to quash: "1) the agency's inquiry is not a legitimate law enforcement inquiry; 2) the records requested are not relevant to the agency's inquiry; or 3) the agency has not substantially complied with the RFPA." Theurer v. Dep't of Def., No. 7:13-CV-142-FL, 2013 WL 5327471, at *3 (E.D.N.C. Sept. 20, 2013) (citing Sandsend Fin. Consultants, Ltd. v. Fed. Home Loan Bank Bd., 878 F.2d 875, 882 (5th Cir. 1989)). Indeed, if "there is a demonstrable reason to believe that the law enforcement inquiry is legitimate and a reasonable belief that the records sought are relevant to that inquiry," the court must deny the motion to quash. 12 U.S.C. § 3410(c).

"[T]he relevant RFPA legislative history is clear in its intention to require adjudication of a customer's motion only when his affidavit presents a prima facie case of impropriety." Hancock v. Marshall, 86 F.R.D. 209, 210-11 (D.D.C. 1980); accord Matter of SEC Private Investigation / Application of John Doe re Certain Subpoenas, No. M8-85, 1990 WL 119321, at *2 (S.D.N.Y. Aug. 10, 1990). "Although no detailed evidentiary showing is necessary, plaintiff must 'show a factual

3

basis' for his conclusion that the records are irrelevant." Matter of SEC Private Investigation, 1990 WL 119321, at *2 (quoting Hancock, 86 F.R.D. at 211).

In this case, the Allisons' only argument in favor of quashing the subpoenas is that the records sought by the government will not lead to discoverable evidence. The Allisons fail to set forth any factual basis for this assertion. Nor is this the relevant inquiry. See 12 U.S.C. § 3410(c). As such, they have failed to establish a prima facie case of impropriety.

In any event, the court finds that the government has satisfied the standards set forth in the controlling case law and the RFPA for enforcement of the administrative subpoenas at issue. The subpoenas were issued in connection with a legitimate law enforcement inquiry, defined in the statute as "a lawful investigation or official proceeding inquiring into a violation of, or failure to comply with, any criminal or civil statutes or any regulation, rule or order issued pursuant thereto." 12 U.S.C. § 3401(8). The Special Agent's sworn statement[2] confirms the inquiry in this case is an investigation into alleged healthcare fraud, and the subpoenas were issued on the authority of 18 U.S.C. § 3486, authorizing the Attorney General or her designee to issue subpoenas "[i]n any investigation relating to any act or activity involving a Federal health care offense." See In re Subpoena Duces Tecum, 228 F.3d 341, 346-47 (4th Cir. 2000) (discussing the constitutionality of § 3486 subpoenas and noting subpoena power "is a longstanding and necessary adjunct to the governmental power of investigation and inquisition," analogous to that of a grand jury, which "can investigate merely on suspicion that the law is being violated, or even just because it wants assurance

---

[2] The court's discussion is necessarily limited due to the fact that the sworn statement contains sensitive law enforcement information and is filed under seal. See, e.g., Rudolf v. Soc. Sec. Admin. Office of the Inspector Gen., No. 13-3099, 2014 WL 2559136, at *2 (D.N.J. June 6, 2014) ("To be sure, the Court must necessarily limit its discussion herein because the SSA's response [to movant's motion to quash filed pursuant to 12 U.S.C. § 3410] has sensitive law enforcement information."); Swann v. Sec'y, United States Dep't of Housing & Urban Dev., No. 05-492 (ESH / JMF), 2006 WL 148738, at *2 (D.D.C. Jan. 19, 2006) ("Because the government's response [to the § 3410 motion to quash] contains sensitive law enforcement information, this discussion is necessarily limited.").

4

that it is not." (citing <u>United States v. Morton Salt Co.</u>, 338 U.S. 632, 642-43 (1950))). Plainly, as authorized by 18 U.S.C. § 3486, the subpoenas were issued in connection with a legitimate law enforcement inquiry. <u>See</u> <u>In re Subpoena Duces Tecum</u>, 228 F.3d at 350 (holding "the § 3486 subpoena power falls within the legitimate governmental power of inquisition on a matter in which the government has a legitimate interest and is authorized to act").

Likewise, the court has a reasonable belief that the financial records sought are relevant to the investigation, satisfying the second prong of the inquiry. "For purposes of an administrative subpoena, the notion of relevancy is a broad one." <u>Theurer</u>, 2013 WL 5327471, at *4 (citing <u>Sandsend</u>, 878 F.2d at 882); <u>accord</u> <u>Rudolf v. Soc. Sec. Admin. Office of the Inspector Gen.</u>, No. 13-3099, 2014 WL 2559136, at *3 (D.N.J. June 6, 2014). Indeed, "[t]he showing of relevance need not be substantial and any records that 'touch on a matter under investigation' are considered relevant." <u>Sweeney v. Inspector Gen. of U.S. Dep't of Agric.</u>, No. 14-MC-00054 LJO GSA, 2014 WL 5361968, at *4 (E.D. Cal. Oct. 21, 2014) (quoting <u>Sandsend</u>, 878 F.2d at 882). Movants bear the initial burden of showing the documents sought are not relevant. <u>Id.</u> (citing <u>Davidov v. Sec. & Exch. Comm'n</u>, 415 F. Supp. 2d 386, 291 (S.D.N.Y. 2006)). In this case, the Allisons have failed to meet that burden.

The government's <u>in camera</u> submissions confirm that the records sought by the government in this case are relevant to a legitimate law enforcement inquiry. The notice sent to the Allisons explained the records are necessary "to accurately investigate allegations of State and/or Federal health care fraud violations" in this case. Case No. 7:15mc17, ECF No. 1, at 15-17; Case No. 7:15mc18, ECF No. 1, at 15-17. The financial records requested in the subpoenas concern the Allisons and are relevant to the investigation described in the Special Agent's sworn statement.

Finally, the Allisons raise no argument—and the court finds no issue— with the government's compliance with the procedural requirements of the RFPA.

Accordingly, the court finds that "there is a demonstrable reason to believe that the law enforcement inquiry is legitimate and a reasonable belief that the records sought are relevant to that inquiry." 12 U.S.C. § 3410(c).

### III.

For these reasons, the Allisons' motions to quash will be **DENIED** and the subpoenas duces tecum will be **ENFORCED** pursuant to 12 U.S.C. § 3410(c).

An appropriate Order will be entered.

Entered: August 12, 2015

*/s/ Michael F. Urbanski*

Michael F. Urbanski
United States District Judge

6